**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

**EVAN DELAROSA**
**AND MICHAEL ELIGON,**

                     **Plaintiffs,**

    -against-

**THE CITY OF NEW YORK,**
**N.Y.C. POLICE OFFICER**
**THOMAS GARRITY, SHIELD # 07734,**
**LT. THEODORE LAUTERBORN,**
**AND N.Y.C. POLICE OFFICER**
**CHRISTOPHER McGee, SHIELD # 21037,**
**EACH SUED INDIVIDUALLY AND IN**
**HIS OFFICIAL CAPACITY,**

                     **Defendants.**

**VERIFIED COMPLAINT**
**AND DEMAND FOR**
<u>**A JURY TRIAL**</u>

------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the U.S., and violation of New York State law, by reason of the unlawful acts of defendants.

<u>**JURISDICTION**</u>

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## **PARTIES**

3. Plaintiff Evan Delarosa is a resident of New York, New York.

4. Plaintiff Michael Eligon is a resident of Mt. Vernon, New York.

5. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

6. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

7. That upon information and belief the City was responsible for the training of its police officers.

8. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

9. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

10.    On or about June 30, 2006, at approximately 4:00 A.M., plaintiffs were in the vicinity of 23rd Street and 9th Avenue, in Manhattan, outside of a nightclub called "Club Spirit".

11.    Earlier that night at the club various groups called "promoting teams" were engaged in "rapping" and dance competitions in which each team tried to garner support from the audience for their group's performers.

12.    After leaving the club, plaintiffs observed that two competing groups of people were arguing outside.

13.    Plaintiff Delarosa knew people from each group so he tried to act as a mediator.

14.    After a few minutes, the argument died down and the groups began to walk up the avenue.

15.    Plaintiff was in the process of calling his mother on his cellphone to find out if she knew where his house keys were as he had misplaced them.

16.    At that point, a defendant police officer pushed Delarosa on his right shoulder.

17.    Delarosa said to the officer, "You could have told me just to move without pushing me."

18.    The officer responded by hitting plaintiff Delarosa over the head with his nightstick, followed by a hit to his ribcage, and the back of his arm.

19.    Plaintiff was bleeding profusely from his head, and fearful of getting struck additional times, so he ran up the street.

20. Realizing that he had done nothing wrong, plaintiff went back to the above location, at which point the police arrested him.

21. Plaintiff Eligon was also present during the above altercation, and observed Lieutenant Lauterborn hit Delarosa with the metal baton.

22. Eligon got in between Lauterborn and Dealrosa to try to protect his friend from this unjustified assault.

23. At that point, another defendant officer came from behind and grabbed Eligon by the neck, dragged him to the police car and slammed his shoulder and neck into the car.

24. Plaintiff fell to the ground and was "out of it" for a few seconds. As he was sitting on the ground, officers were hitting him in the ribs and head.

25. Delarosa received hospital treatment for his injuries while in police custody.

26. Plaintiffs spent approximately 24 hours in custody before being released at arraignment.

27. Shortly after his release, Eligon went to the hospital for treatment.

28. Plaintiffs were charged with Resisting Arrest, Menacing, Disorderly Conduct and Harassment.

29. On or about March 26, 2007, all charges were dismissed against each plaintiff.

30. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the

individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

31. Defendant City knew or should have known prior to this date of the perpetration of unlawful arrests and other unlawful acts by the defendants were occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by these officers.

32. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

33. On or about September 14, 2006 and again on March 27, 2007, Notices of Claim were served upon the Defendant New York City, setting forth:

    a)    The name and post office address of the Claimant and his attorney;
    b)    The nature of the claim;
    c)    The time when, the place where, and the manner in which the claim arose;
    d)    The items of damages and injuries sustained so far as practicable.

34. The Notice of Claim was served upon the Defendant within 90 days after Plaintiffs' cause of action accrued.

35. Plaintiffs have had their depositins taken pursuant to §50-h of the General Municpal Law.

36. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

37. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

38. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

### FOR A FIRST CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS

39. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

40. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

41. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

42. As a direct and proximate result of the acts of Defendants, Plaintiff suffered physical injuries, endured great pain and mental suffering, and was deprived of his physical liberty.

### FOR A SECOND CAUSE OF ACTION

43. Plaintiff reiterates and realleges the facts stated in paragraphs 1-42 as if stated fully herein.

44. As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

45. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

46. These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

47. As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid. All Defendants are liable for said damage and injuries.

## THIRD CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

48. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

49. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

50. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR FALSE ARREST AND FALSE IMPRISONMENT

51. Plaintiff reiterates and realleges the facts stated above as if state d fully herein.

52. Plaintiff, while lawfully in Brooklyn, New York, was arrested without just cause, provocation, probable cause, or any valid reason, by agents, servants and/or employees, specifically Defendant officer. These Defendants were employed by the Defendant City, and they were acting within the scope of their employment, "under color of law", and on behalf of their employer, Defendants City and N.Y.P.D.

53. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. Defendants are liable for said damage and injuries.

### FIFTH CAUSE OF ACTION
### FOR ASSAULT AND BATTERY

54. Plaintiff reiterates and realleges the facts stated above as if stated fully herein.

55. At the said time and pl ace, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

56. By reason of said assault and battery, including the strip -search, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

57. The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

## SIXTH CAUSE OF ACTION
## FOR MALICIOUS PROSECUTION

58.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

59.  In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant officer, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

60.  As a result of said abuse of process and malicious prosecution, plaintiff was compelled to come to court. On or about March 26, 2007, all charges were dismissed.

61.  As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant

officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

    4. Enter an Order:

        a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

        b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       July 20, 2007

**STEVEN A. HOFFNER, ESQ.**

Attorney for the Plaintiffs
350 Broadway, Suite 1105
New York, New York 10013
(212) 941-8330
(SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the Answer in this case and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
July 20, 2007

_____
STEVEN A. HOFFNER, Esq.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
**EVAN DELAROSA**
**AND MICHAEL ELIGON,**

                       **Plaintiffs,**     **VERIFIED COMPLAINT**
                                             **AND DEMAND FOR**
                                             <u>**A JURY TRIAL**</u>

    -against-

**THE CITY OF NEW YORK,**
**N.Y.C. POLICE OFFICER**
**THOMAS GARRITY, SHIELD # 07734,**
**LT. THEODORE LAUTERBORN,**
**AND N.Y.C. POLICE OFFICER**
**CHRISTOPHER McGee, SHIELD # 21037,**
**EACH SUED INDIVIDUALLY AND IN**
**HIS OFFICIAL CAPACITY,**

-----------------------------------------------------------X

      Attorney for plaintiffs
      Steven Hoffner, Esq.
      350 Broadway, Suite 1105
      New York, New York 10013
      Tel    (212) 941-8330
      Fax   (212) 941-8137