


| | | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | STEVE STAVRIDIS<br>*Special Federal Litigation Division*<br>(212) 788-8698<br>(212) 788-9776 (fax) |

August 9, 2007



**By Hand**
Honorable Gerald E. Lynch
United States District Judge
Southern District of New York
500 Pearl Street – Room 803
New York, New York 10007

    Re:  <u>Delarosa, et ano. v. City of New York et al.</u>, 07 CV 6562 (GEL)

Your Honor:

    I am an attorney in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, representing defendant City of New York (the "City") in the civil rights referenced action.[1] I am writing to request an extension of the City's time to answer or otherwise respond to the complaint from August 9, 2007 to October 9, 2007. I have been unable to confer with plaintiff's counsel about this request because he is on vacation until next week according to his office answering machine message. However, I have no reason to believe that he would not consent to the extension.

    There are several reasons for seeking the extension. In his complaint, plaintiff alleges, *inter alia*, false arrest and excessive use of force. It is our understanding that the underlying criminal action and police records have been sealed pursuant to New York Criminal Procedure Law § 160.50. As such, we need the additional time to obtain an authorization from the plaintiff, which will allow us to access the sealed records so that we could properly assess the case and answer the complaint. We have forwarded the necessary authorization to plaintiff for execution and are awaiting its return.

    Additionally, upon information and belief, the police officer defendants have not been served with process as of this writing. The enlargement will allow plaintiff additional time to serve this officer and, presuming he is in fact timely served, afford this office time to conduct its statutory inquiry into whether it could represent the officer in this case. See General Municipal

---

[1] Upon information and belief, the individual police officer defendants have not been served with process as of this writing.

**SO ORDERED**

*/s/ Gerald E. Lynch*
GERARD E. LYNCH, U.S.D.J.
8/10/07

Law § 50(k); Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law). Defendants must then decide whether they wishes to be represented by the Corporation Counsel, see Dunton v. County of Suffolk, 729 F.2d 903 (2d Cir. 1984). Only then can this office interview the officers for the purposes of responding to the complaint. It has been our experience that this entire process takes approximately two months to complete.

No previous request for an extension has been made by either party. There are no scheduled conferences that will be affected by this proposed extension. Accordingly, it respectfully requested that the Court grant the City's application to extend its time to answer or otherwise respond to the complaint from July 3, 2007 to September 4, 2007.

Respectfully submitted,

Steve Stavridis (SS4005)
Special Federal Litigation Division

cc:   Steve Hoffner, Esq. (By E-Mail)
      Attorney for Plaintiff