UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EVAN DELAROSA AND MICHAEL ELIGON,

                              Plaintiffs,

                -against-

THE CITY OF NEW YORK, N.Y.C. POLICE OFFICER
THOMAS GARRITY, SHIELD # 07734, LT.
THEODORE LAUTERBORN, AND N.Y.C. POLICE
OFFICER CHRISTOPHER McGee, SHIELD # 21037,
EACH SUED INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY,

                              Defendants
-------------------------------------------------------------------X

**ANSWER**

07 CV 6562 (GEL)

**Jury Trial Demanded**

        Defendants CITY OF NEW YORK (the "City"), POLICE OFFICER THOMAS GARRITY, SHIELD # 07734, LT. THEODORE LAUTERBORN, and N.Y.C. POLICE OFFICER CHRISTOPHER MCGEE, SHIELD # 21037, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph 1 of the complaint, except admit that plaintiffs purport to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph 2 of the complaint, except admit that plaintiffs purport to base jurisdiction and venue as stated therein.

        3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the complaint.

        4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the complaint.

5. Deny the allegations set forth in paragraph 5 of the complaint, except admit that defendant police officers are employed by the City as police officers for the New York City Police Department ("NYPD") and that plaintiffs purport to sue them individually and in their official capacities.

6. Deny the allegations set forth in paragraph 6 of the complaint, except admit that the City is a municipality pursuant to the laws of the State of New York; that the City maintains the NYPD pursuant to applicable statutes, ordinances and regulations, and that the City employs the individual defendants as police officer for the NYPD.

7. Deny the allegations set forth in paragraph 7 of the complaint, except admit that the City maintains the NYPD through which it trains police officers.

8. Deny the allegations set forth in paragraph 8 of the complaint.

9. Deny the allegations set forth in paragraph 9 of the complaint.

10. Admit the allegations set forth in paragraph 10 of the complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the complaint.

12. Deny the allegations set forth in paragraph 12 of the complaint.

13. Deny the allegations set forth in paragraph 13 of the complaint.

14. Deny the allegations set forth in paragraph 14 of the complaint.

15. Deny the allegations set forth in paragraph 15 of the complaint.

16. Deny the allegations set forth in paragraph 16 of the complaint.

17. Deny the allegations set forth in paragraph 17 of the complaint.

18. Deny the allegations set forth in paragraph 18 of the complaint.

19. Deny the allegations set forth in paragraph 19 of the complaint.

20. Deny the allegations set forth in paragraph 20 of the complaint, except admit that plaintiff was arrested at the location of the incident.

21. Deny the allegations set forth in paragraph 21 of the complaint.

22. Deny the allegations set forth in paragraph 22 of the complaint.

23. Deny the allegations set forth in paragraph 23 of the complaint.

24. Deny the allegations set forth in paragraph 24 of the complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the complaint, except admit that plaintiff was transported to the hospital while in police custody.

26. Deny the allegations set forth in paragraph 26 of the complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the complaint.

28. Admit the allegations set forth in paragraph 28 of the complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the complaint.

30. Deny the allegations set forth in paragraph 30 of the complaint.

31. Deny the allegations set forth in paragraph 31 of the complaint.

32. Deny the allegations set forth in paragraph 32 of the complaint.

33. Deny the allegations set forth in paragraph 33 of the complaint, except admit that a document purporting to be a Notice of Claim by plaintiff Delarosa was received by the Comptroller of the City of New York, and that a document purporting to be a Notice of Claim by plaintiff Elogin was received by the Comptroller of the City of New York.

34. Deny the allegations set forth in paragraph 34 of the complaint, except admit that a document purporting to be a Notice of Claim by plaintiff Delarosa was received by the Comptroller of the City of New York on or about July 26, 2006, and that a document purporting to be a Notice of Claim by plaintiff Elogin was received by the Comptroller of the City of New York on or about September 11, 2006.

35. Deny the allegations set forth in paragraph 35 of the complaint.

36. Deny the allegations set forth in paragraph 36 of the complaint, except admit that the City has not paid any monies to plaintiffs.

37. Deny the allegations set forth in paragraph 37 of the complaint, except admit that an action has been commenced against defendants on the date indicated in the Court Clerk's records.

38. Deny the allegations set forth in paragraph 38 of the complaint.

39. In response to the allegations set forth in paragraph 39 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 38 inclusive of their answer, as if fully set forth herein.

40. Deny the allegations set forth in paragraph 40 of the complaint.

41. Deny the allegations set forth in paragraph 41 of the complaint.

42. Deny the allegations set forth in paragraph 42 of the complaint.

43. In response to the allegations set forth in paragraph 43 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 42 inclusive of their answer, as if fully set forth herein.

44. Deny the allegations set forth in paragraph 44 of the complaint.

45. Deny the allegations set forth in paragraph 45 of the complaint.

46. Deny the allegations set forth in paragraph 46 of the complaint.

47. Deny the allegations set forth in paragraph 47 of the complaint.

48. In response to the allegations set forth in paragraph 48 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 47 inclusive of their answer, as if fully set forth herein.

49. Deny the allegations set forth in paragraph 49 of the complaint.

50. Deny the allegations set forth in paragraph 50 of the complaint.

51. In response to the allegations set forth in paragraph 51 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 50 inclusive of their answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph 52 of the complaint.

53. Deny the allegations set forth in paragraph 53 of the complaint.

54. In response to the allegations set forth in paragraph 54 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 53 inclusive of their answer, as if fully set forth herein.

55. Deny the allegations set forth in paragraph 55 of the complaint.

56. Deny the allegations set forth in paragraph 56 of the complaint.

57. Deny the allegations set forth in paragraph 57 of the complaint.

58. In response to the allegations set forth in paragraph 58 of the complaint, defendants repeat and reallege the responses set forth in paragraphs 1 through 57 inclusive of their answer, as if fully set forth herein.

59. Deny the allegations set forth in paragraph 59 of the complaint.

60. Deny the allegations set forth in paragraph 60 of the complaint.

61. Deny the allegations set forth in paragraph 61 of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

62. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

63. The City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

64. To the extent the complaint alleges any claims against the City arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

65. Punitive damages are not available against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

66. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct, or from that of others, and was not the proximate result of any act of the defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

67. Plaintiffs provoked any use of force by resisting arrest and/or failing to obey lawfully issued orders.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

68. Any force used to arrest plaintiffs was reasonable under the circumstances.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

69. Any force used by the individuals defendants was justified and necessary for self defense.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

70. There was probable cause for plaintiffs' arrest, prosecution and detention.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

71. The individual defendants are entitled to qualified immunity.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

72. This action is barred in whole or in part by the doctrines of res judicata and/or collateral estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

73. This action is barred in whole or in part by the applicable limitations period.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

74. Plaintiffs have failed to comply with Section 50 of the Municipal Law.

**WHEREFORE**, defendants CITY OF NEW YORK (the "City"), POLICE OFFICER THOMAS GARRITY, SHIELD # 07734, LT. THEODORE LAUTERBORN, and N.Y.C. POLICE OFFICER CHRISTOPHER MCGEE request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
     October 19, 2007

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                        City of New York
                        Attorney for Defendants CITY OF NEW YORK,


                POLICE OFFICER THOMAS GARRITY, LT.
THEODORE LAUTERBORN, POLICE OFFICER
CHRISTOPHER MCGEE
100 Church Street, Room 3-159
New York, New York 10007
(212) 788-8698

By: _____
    Steve Stavridis (SS 4005)

(By ECF)

TO:  Steve Hoffner, Esq.
      Attorney for Plaintiffs
      350 Broadway, Suite 1105
      New York, New York 10013
      (212) 941-8330